**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                           No. CR 08-353 JB

SHANE LIBBY,

      Defendant.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum and Objections, filed May 13, 2009 (Doc. 37 in No. CR 08-0353 JB, Doc. 66 in No. CR 03-1656 JB). The Court held a sentencing hearing on June 1, 2009.  The primary issues are: (i) whether the Court should sustain Defendant Shane Libby's objections to the "Other Criminal Conduct" and "Pending Charges" sections of the Presentence Investigation Report ("PSR")  because they assert contested allegations as if they were facts; and (ii) whether the Court should vary from the advisory guideline sentencing ranges for his present federal charge of being a felon in possession of a firearm and for his violation of supervised release, and sentence him to a total of 48 months for both the current crime and for the violation.   Because the United States does not contest Libby's objections to paragraphs 37 through 44 of the PSR, the Court will sustain those objections, except for the objection to paragraph 44, which Libby agreed at the hearing was not a problematic paragraph.  As to paragraph 29, the Court will rule on the disputed event and will modify that paragraph. The Court will also vary from the advisory guideline range and sentence Libby to 48 months on the felon-in-possession charge.  The Court will issues a separate opinion and order dealing with Libby's supervised release in No. CR 03-1656 JB.

## PROCEDURAL BACKGROUND

On November 14, 2008, Libby pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  In the PSR, disclosed after the plea, on January 22, 2009, the United States Probation Office ("USPO") calculates Libby's final offense level under the Sentencing Guidelines as 19, see PSR ¶ 28, at 7, and his criminal history as category VI, see id. ¶ 36, at 12, resulting in a guidelines sentence range of 63 to 78 months.  Libby submitted a sentencing memorandum requesting a variance from the guidelines range to a sentence of 48 months, but also objecting to the information the PSR reported as part of its discussion of Libby's criminal history in the "Other Criminal Conduct" and "Pending Charges" sections of the PSR.

Responding to Libby's objections, the USPO issued an Addendum on May 21, 2009.  The Addendum states that the narratives to which Libby objects draw upon criminal complaints and police reports, and that the information was not taken into account when calculating the offense level or criminal history.  See Addendum at 1.  The Addendum further states that "the charges cited in Paragraphs 37 through 42 were dismissed and viewed as allegations without merit for prosecution purposes," while "the pending charges cited in Paragraphs 37 through 44 . . . are viewed as unproven conduct."  Id.

The United States has also responded to Libby's memorandum.  The United States contends that no variance is warranted in this case.  See United States' Response to Defendant's Sentencing Memorandum and Objections Filed May 13, 2009 (Doc. 37) at 3, filed May 26, 2009 (Doc. 38).  In its response, the United States does not address Libby's objections to the particular factual summaries contained in several PSR paragraphs.

At the hearing, the Court asked Lynn Wei-Yu Wang , the Assistant United States Attorney, for her position on Libby's objections.  Ms. Wang stated that she wanted the Court to rely on

paragraph 37's factual description, but was not concerned with the other paragraphs.  <u>See</u> Transcript of Hearing at 7:14-22 (Court & Wang)(taken June 1, 2009)("Tr.").[1]  Although Ms. Wang mentioned paragraph 37 at first, she later clarified that she wished the Court to rely in particular on paragraph 29 of the PSR, which describes Libby's conviction for aggravated assault with a motor vehicle.  <u>See</u> Tr. at 8:13-9:1 (Wang); 20:4-9 (Court & Wang).  The Court then heard testimony from Libby's father, Mark Libby, about the incident from paragraph 29 of the PSR and accepted documentation from the United States concerning the factual bases for the various narratives in the PSR about Libby's past offenses and pending charges.

<u>ANALYSIS</u>

Libby both objects to several factual descriptions in the PSR and requests that the Court vary from the guidelines range.  The United States does not wish the Court to rely on most of the factual descriptions to which Libby objects, so the Court will sustain the objections to those descriptions.  One of the paragraphs, however, paragraph 29, is disputed.  Based upon the testimony at the hearing and the documentation the Court has received, the Court will modify paragraph 29.  Ultimately, the Court will vary from the guidelines range and impose a sentence of 48 months incarceration for Libby's current offense of being a felon in possession of a firearm.  The Court will issue a separate opinion regarding Libby's violation of supervised release.

I.      **THE COURT WILL SUSTAIN THE OBJECTIONS TO PARAGRAPHS 37 THROUGH 43 OF THE PSR.**

Libby specifically objects to the factual descriptions in paragraphs 37 through 44 of the PSR.  After some initial confusion regarding whether the United States wished the Court to rely on

_____

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain different page and/or line numbers.

paragraph 37, the United States clarified that it was concerned only with paragraph 29. <u>See</u> Tr. at 20:4-9 (Court & Wang). Based upon this concession, the Court will sustain the objections to paragraphs 37 through 43 of the PSR. Although Libby objected to paragraph 44 in his memorandum, at the hearing he stated that he did not object to the content of that paragraph.

Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires the Court to either rule on any disputed matter in the PSR, "or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Based upon the United States' concession, the Court finds that it need not rule on the factual descriptions in paragraphs 37 through 43 of the PSR because the Court will not consider those descriptions and they will not affect the sentencing. The Court will therefore sustain Libby's objections to the Court relying on those descriptions.

The Court will specifically, pursuant to rule 32(i)(3)(B), not rely on the following descriptions. The Court will consider only the first and last sentences in paragraph 37. The Court will not consider any of the factual description beginning with "According to a Criminal Complaint" and ending with "of their business." PSR ¶ 37, at 12. The Court will consider only the first sentence of paragraph 38. The Court will not consider everything after and including "According to court documents," in that paragraph. <u>Id.</u> ¶ 38, at 13. The Court will consider only the first sentence of paragraph 39. The Court will not consider everything after and including "The Criminal Complaint reflects," in that paragraph. PSR ¶ 39, at 13. The Court will consider only the first and last sentences in paragraph 40. The Court will not consider the factual description beginning with "The Criminal Complaint," and ending with "the police were outside." PSR ¶ 40, at 14. The Court will consider only the first, the last, and the next-to-last sentence in paragraph 41. The Court will not consider the description beginning with "According to the Criminal Complaint" and ending with

"was a convicted felon." PSR ¶ 41, at 14. The Court will consider only the first and last sentences in paragraph 42. The Court will not consider the description beginning with "The Criminal Complaint indicates" and ending with "with a round in the chamber." PSR ¶ 42, at 15. The Court will consider only the first sentence in paragraph 43. The Court will not consider everything after and including "Offense reports show" in that paragraph. Id. ¶ 43, at 16. The Court will consider both sentences in paragraph 44.

## II.    THE COURT WILL MODIFY PARAGRAPH 29.

Libby objects to the factual description in paragraph 29 of the PSR. Unlike Libby's other objections, the United States contests this objection. Pursuant to rule 32(i)(3)(B), the Court will therefore rule on the underlying dispute about whether the factual description in paragraph 29 is accurate. After listening to Mark Libby's testimony and reviewing the documentation that the United States submitted, the Court will rely on paragraph 29 in sentencing Libby, but will modify that paragraph.

Paragraph 29 of the PSR concerns Libby's conviction in 1996 for aggravated assault with a deadly weapon. The factual description in dispute reads:

> Offense reports show that on December 22, 1995, a police officer was dispatched to the Church of Latter Day Saints, in Santa Fe County, New Mexico, reference a domestic dispute which involved a male being struck by a vehicle. Upon arrival, the officer made contact with the victim, John Moreno. Mr. Moreno advised he came to the church to meet with his employees and issue their paychecks. John Moreno owned a painting business and some of his employees were completing a job at the church. While at the church, an employee, Mark Libby (the defendant's father), and his son, Shane Libby, showed up to collect their checks. A domestic dispute developed between John Moreno and Mark Libby in the parking lot. During the dispute, Shane Libby entered his vehicle, drove toward Mr. Moreno, and struck him with the vehicle. Shane Libby then exited the parking lot. The defendant's father, Mark Libby, fled the area on foot. The victim, Mr. Moreno, had an abrasion on his legs and a swollen left cheek bone.

PSR ¶ 29, at 7-8. Based upon the evidence presented to the Court, the Court will modify this

paragraph to read as follows:

> Offense reports show that on December 22, 1995, a police officer was dispatched to the Church of Latter Day Saints, in Santa Fe County, New Mexico, reference a domestic dispute which involved a male being struck by a vehicle. Upon arrival, the officer made contact with the victim, John Moreno. Mr. Moreno advised he came to the church to meet with his employees and issue their paychecks. John Moreno owned a painting business and some of his employees were completing a job at the church. While at the church, an employee, Mark Libby (the defendant's father), and his son, Shane Libby, showed up to collect their checks. A domestic dispute developed between John Moreno and Mark Libby in the parking lot. During the dispute, Shane Libby entered his vehicle, and drove toward Mr. Moreno. Mr. Moreno jumped up, and Mr. Shane Libby struck Mr. Moreno with the vehicle. Mr. Moreno came on and then over the hood, and struck the windshield. Shane Libby then exited the parking lot. The defendant's father, Mark Libby, fled the area on foot. The victim, Mr. Moreno, had an abrasion on his legs and a swollen left cheek bone.

The Court will adopt this paragraph, as the Court has modified the paragraph, as a factual finding of the Court.

## III.   THE COURT WILL VARY FROM THE ADVISORY GUIDELINE SENTENCE.

Libby's sentencing guideline range is 63 to 78 months. Libby asks that the Court impose a sentence of 48 months. The Court believes that a variance from the guideline range is warranted in this case and will grant Libby's request for a sentence of 48 months.

There is no dispute that Libby's conviction for aggravated assault with a deadly weapon -- the incident described in paragraph 29 of the PSR -- is a crime of violence or that his criminal history category of VI is properly calculated. Nonetheless, the Court agrees with Libby that these features, while correct under the Sentencing Guidelines, distort the reality of Libby's conduct. Some variance is appropriate here.

First, although the aggravated assault conviction meets the definition of a crime of violence, the state court that sentenced Libby on that charge gave Libby a conditional discharge. As Libby persuasively argues, this treatment indicates that the state judge viewed the offense as being

relatively minor. This view strikes the Court as reasonable based upon its findings about the underlying circumstances of the crime. Moreover, this conviction is now over a decade in the past. And Libby is correct that a conviction under N.M.S.A. § 30-3-2A for aggravated assault does not require injury or intent to inflict bodily harm, unlike the federal assault statute, which requires some form of intent or injury to be a crime punishable by more than a year in prison, compare 18 U.S.C. § 113(a)(1)-(3), (6)-(7) (defining assaults punishable by terms in excess of a year), with id. § 113(a)(4)-(5) (defining assaults punishable by a year or less). On the other hand, because of the conviction's age, Libby has not received criminal history points for it. This last fact provides some support for the view that the Guidelines' treatment of the conviction in its offense level calculation is exaggerated.

Viewing all the circumstances together, the Court believes that the Guidelines' assessment of Libby's conviction overstates the seriousness of that conviction. When a defendant being sentenced as a felon in possession under § 2K2.1 of the Sentencing Guidelines has a prior conviction for a crime of violence, the defendant's offense level is 20 instead of 14 -- a 6-level increase. Compare U.S.S.G. § 2K2.1(a)(4)(A), with id. § 2K2.1(a)(6)(A). For a defendant with a criminal history category of VI, having a crime of violence conviction thus nearly doubles the guidelines range, from a 37 to 46 month range to a 70 to 87 month range. This doubling strikes the Court as excessive here. Given the nature and age of the offense, the Court believes that what would, under the Guidelines, be an increase of 4 levels for the conviction more accurately balances the factors laid out in 18 U.S.C. § 3553(a).

Second, the Court agrees with Libby that his criminal history category of VI produces an excessive sentence and does not faithfully reflect the factors in § 3553(a). Libby's criminal history is substantial, but category VI produces an exaggerated incarceration figure here. The Court

believes that a category V is a more appropriate guide given his history.

Thus, the Court believes that it would be more appropriate to view Libby as having what would, under the Guidelines, be an offense level of 17 and a criminal history of V.  These figures would produce a range of 46 to 57 months.  48 months would be within that new range and the Court believes that such a sentence is a more accurate weighing of the factors in 18 U.S.C. § 3553(a). While this sentence varies from the Guidelines, the Court believes that it is a sentence sufficient to promote the goals of sentencing without becoming unduly punitive.  The Court will therefore sentence Libby to 48 months incarceration on the felon-in-possession charge.

**IT IS ORDERED** that the objections in the Defendant's Sentencing Memorandum and Objection are sustained in part and overruled in part, as described in this opinion and order. Defendant Shane Libby's request for a variance is granted in part and denied in part.  The Court will grant a variance to 48 months on the felon-in-possession charge, but will not vary on the sentence for the violation of supervised release, as described in the opinion and order entered concurrently with this opinion.  The Court sentences Libby to 48 months incarceration on the felon-in-possession charge in No. CR 08-0353 JB.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Gregory Fouratt
   United States Attorney
Marcy Catherine McCulloch
Lynn Wei-Yu Wang
   Assistant United States Attorneys
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

-8-

John Van Butcher
    Assistant Federal Public Defender
Albuquerque, New Mexico

    *Attorney for the Defendant*